Tyler, Judge.
I am, by no means, a friend to new trials; for I look upon the right o,f being tried by a jury of peers, as one of the most sacred and beneficial in the law. But I know of no measure so effectual to destroy it, as the grant- *85 be cases where I should not be averse to a new trial, as if the jury had grossly misbehaved, or found a verdict contrary to evidence; given excessive damages; or there has been surprise. But nothing of that kind appears in the present case; for the jury, which was a very intelligent one, have not misbehaved; nor is the verdict contrary to evidence. So far from it, the finding is perfectly consistent with the evidence and the law. All, indeed, agree that the respondent’s case is a hard one; but then it should be remembered, that he brought it on himself by his own imprudence : And whether he had got into a disagreeable situation, or not, was no question with the jury; but whether he had infringed the law ? As compassionate men, they might pity him; but, as jurors, sworn to decide according to the evidence, they were bound to find him guilty. Neither was there any surprise; on the contrary, the whole merits of the case, on both sides, were fully and fairly disclosed to the court and jury; and no cause, perhaps, has been better argued. The question of damages cannot arise; for if the penalty is unreasonable, it is the law that is unjust, and not the jury. Upon.the whole, a more dangerous motion was never made. To suffer a juror after the trial is over, and he has had an opportunity of conversing with the parties, to impeach his verdict, and beg to have the matter reheard, would be to afford parties an opportunity of tampering with jurymen, and subverting one of the bulwarks of justice. The practice of granting new trials was not a favourite with the courts of England, until the time of the present chief justice, whose habit of controling juries does not accord with the free institutions of this country; and ought not to be adopted for slight causes. As an individual, I am touched at the raising of new trials upon every suggestion of counsel, or alledged dissatisfaction of jurors. When all the witnesses have been examined, the cause solemnly argued, and a verdict found, to set it aside upon allegations of hardship, and the mistake of jurymen, is unreasonable; and I shall be very cautious how I yield to such attempts. Yet there may *86 fortune of my fellow-citizen, but as a judge, I must say, that he has acted illegally, and laid himself liable to the penalty of the law. The motion therefore ought to be denied.
Henry, Judge. Justice ought to be uniform; and whatever rule is established ought to be universal in its operation. There are two kinds of persons whose causes come into this court, namely, citizens and foreigners; with regard to whom the law of trial is different. The first is by jury 5 and consequently liable, to all the embarrassment of legal questions before men unacquainted with.the law : The other is by the court; who have it in their power to decide upon the testimony as well as the law, of which they are the judges, and thus to maintain consistency in decision. The present cause is of the first kind ; and the statute upon which it is founded, a new one, which has never received a construction by the court. I wish, therefore, to have it maturely considered, that the precedent may govern in all future cases. The counsel were averse to a special finding, although two points of law, not proper to be decided by the jury, were involved in it. The first arises on that part of the act which directs, that the master or purser of any ship importing goods, wares and merchandizes, liable to duties, shall, within forty-eight hours after his arrival, make a true and just report upon oath, of the burthen and contents of his vessel, to the naval officer : And, upon that, a question occurs, whether there be not particular circumstances or accidents, which may exculpate the master failing to make an entry agreeable to the letter of the statute ? The second question arises partly upon the act of 1782, and partly upon that of 1785, for establishing Hampton as the port of entry for all James river, without prescribing the mode of entry: and the question is, whether the meaning of the acts taken together, is that the ship shall stop at Hampton, or the entry may be made, within forty-eight hours, after her arrival at the port of delivery ? These are questions of law which I could wish to come before the court in a regular manner, in *87 order that they might receive a solemn determination, which may give the rule in all cases hereafter. This consideration, of itself, inclines me to a new trial. But independent of that, the application of the juror is, I think, sufficient under the circumstances of the case. For I have known new trials frequently awarded upon the suggestions of jurymen, that they had mistaken the evidence, or the law; and nothing appears to me more reasonable, as the law requires the concurrent opinion of the whole pannel; but how can that be, if one of them has mistaken the testimony, or the law, and joined in the verdict from a misapprehension of either ? Surely it cannot be said, in such a case, that the man has been found guilty by the unanimous opinion of twelve of his peers, or that the spirit of the law has been complied with. For I cannot approve of the distinction, taken by judge Tyler, between a verdict by surprise, and one by misapprehension of the jurors. One is as fatal to justice as the other; and misapprehension is, in effect, surprise. If the jury had found contrary to the evidence, or the law, it is agreed upon all hands, that the verdict ought to be set aside; and whether they have done so, or not, I am unable to say, until the construction of the statutes is settled. As to the objection that there is danger of clandestine practices between the parties and jurymen, it has no weight with me. For it will always be in the discretion of the court to grant, or refuse, the new trial, upon the circumstances of the case; and thus to disappoint contrivances of that sort. But, if there has been nothing of that character; and the juror, finding that he has been mistaken, voluntarily applies to have the matter reconsidered in ease of his conscience, why should the court refuse to grant an opportunity to him, of having the mistake rectified; or, to the injured party, of having the matter fairly tried ? I admit, however, that the application ought to be voluntary; and without the solicitation of either of the parties: and that it should be upon oath too. Therefore I am of opinion that, upon the juror’s making an affidavit of the facts, a new trial ought to be awarded.
*88 Carey, Presiding Judge. I am of the same opinion; , but shall not enter into the merits of the case ; on the contrary, I shall coniine myself to the single question, of the propriety of granting a new trial upon the suggestion of a juror that he mistook the testimony, and its application to the law. I have, as judge Henry has observed, known it done on several occasions; and it is highly reasonable, that it should be so: for the law has required the unanimous opinion of the whole twelve, to convict the party; which ■cannot, with truth, be said when one of them declares he misunderstood the evidence and the law: which, therefore, has not been complied with; and consequently the party has not been found guilty in the legal sense. But, laying considerations of that kind aside, if it was only to ease the man of the load of his own conscience, I would grant a new trial. It would be a satisfaction to him to have the matter reconsidered ; and it would be a satisfaction to me to have mistakes, if any, corrected. Besides, the party himself would probably set down better contented with his fate, under the concurrent sentence of two juries \ and the last trial free from every exception. I own I would rather that the whole, or the greater part of the jury should apply; but, if only one does so, and his conduct appears to be fair and unbiassed, I shall never hesitate to grant his request. There can be nothing mischievous in it; because the court will always have it in its power to grant or deny the motion, according to the circumstances of the case: which will be a sufficient security against unfair practices. But I agree, with judge Henry, that the application should be voluntary in the juror himself, without any practices or solicitation of parties; and that it should be upon affidavit. Therefore, on the affidavit’s being made, let there be a new trial.